NOT DESIGNATED FOR PUBLICATION

No. 119,868

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHAMPAGNE D. HODGES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed March 1, 2019. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Champagne Hodges appeals the district court's decision to revoke her probation and require that she serve her underlying prison sentence. She contends that the district court abused its discretion by sending her to prison.

But the district court found that Hodges had absconded from probation, so the court had the discretion to revoke Hodges' probation and order her to serve her underlying sentence. Hodges doesn't challenge these findings on appeal—and she asked the court to revoke her probation and send her to serve her prison sentence. So we find no error in the district court's decision.

1

Hodges was sentenced to probation in January 2018 after pleading guilty to aggravated interference with parental custody. Later that month, the district court issued a warrant for Hodges' arrest based on allegations that she had committed several probation violations. Hodges admitted the violations, and the court ordered Hodges to serve three days while leaving her "current probation as it is."

The court issued another warrant in April 2018 based on allegations that Hodges failed to report to her probation officer as directed. Then, in May 2018, the State alleged that Hodges again violated her probation by leaving the state of Kansas without permission. Hodges appeared before the court for a hearing on the State's allegations from April and May. Hodges admitted the allegations from both warrants. She also asked that the court revoke her probation and send her on to serve her sentence. The district court found that Hodges had absconded from probation and waived her right to further probation. The court then revoked Hodges' probation and ordered her to serve her underlying sentence. Hodges has appealed to our court.

Once a probation violation has been established, the decision to revoke probation has traditionally been considered within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). That discretion is now limited by K.S.A. 2018 Supp. 22-3716, but its provision requiring intermediate sanctions before ordering the defendant to serve the underlying prison sentence does not apply once the court finds that the defendant has absconded. K.S.A. 2018 Supp. 22-3716(c)(8)(B).

A defendant absconds if he or she has "engaged in some course of action [or inaction] with the conscious intent to hide from or otherwise evade the legal process." *State v. Dooley*, 308 Kan. 641, Syl. ¶ 4, 423 P.3d 469 (2018). The record here doesn't clearly support a finding of absconding: Hodges said she went to Oklahoma to clear up an outstanding traffic ticket, not to avoid her probation obligations. But Hodges hasn't argued on appeal that the district court's absconder finding lacked support in the record.

2

We therefore accept the absconder finding made by the district court. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issues not briefed deemed waived or abandoned).

In addition, Hodges asked the district court to revoke her probation. Based on that, the district court also found that revoking the probation and letting her serve her sentence was in Hodges' best interest, another basis that might appropriately support the court's order. See K.S.A. 2018 Supp. 22-3716(c)(9)(A). Hodges makes no argument alleging a legal or factual error by the district court, and she has not shown that no reasonable person would have revoked her probation after she left the state without permission and asked the court to revoke the probation. We find no abuse of discretion here.

On Hodges' motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the district court, and we find no error in its decision to revoke Hodges' probation.

Hodges also claims the district court erred by using her "prior criminal history, without putting it to a jury and proving it beyond a reasonable doubt," thus violating her rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). But Hodges was sentenced on January 5, 2018, and she had 14 days to appeal her underlying sentence. See K.S.A. 2018 Supp. 22-3608(c). She didn't file an appeal until July 23, 2018, after her probation had been revoked. We do not have jurisdiction to consider the appeal of her sentence. See *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (holding that defendant's notice of appeal was timely only as to his probation revocation and not as to his original sentence). Even if we had jurisdiction to address the issue, we note that our Supreme Court has resolved this issue contrary to Hodges' position in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002).

We dismiss Hodges' appeal of her underlying sentence and otherwise affirm the district court's judgment.